

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-14-2008

# Bachmis v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-4742

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Bachmis v. Atty Gen USA" (2008). *2008 Decisions.* Paper 230.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/230

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-4742
_____

MUCHLIS BACHMIS,
                                        Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
_____Respondent

On Petition for Review of Order of the
Board of Immigration Appeals
(Agency No. A73-539-275)
Immigration Judge:  Honorable Eugene Pugliese
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 27, 2008

Before: McKEE, NYGAARD and ROTH, <u>Circuit Judges</u>

(Opinion filed November 14, 2008 )
_____

OPINION
_____

PER CURIAM

        The petitioner, a citizen of Indonesia, seeks review of a final order of the Board of

Immigration Appeals ("BIA").  For the following reasons, we will deny the petition for

review.

Muchlis Bachmis entered the United States in May 1994 on a non-immigrant visa. He filed a timely application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). Bachmis's application stated that he was persecuted for his political beliefs, and his affidavit explained that he left Indonesia after being told by a friend who worked for the government that he was in danger of being detained for his involvement in a 1993 anti-government demonstration.

Bachmis did not receive a Notice to Appear until 2004 and was interviewed by an asylum officer in November of that year. The asylum officer's memorandum and notes—which were introduced as evidence in the subsequent removal proceeding—stated, among other things, that Bachmis was not politically active or a member of a political party, and that Bachmis did not believe that he would be harmed if he returns to Indonesia. Rather, Bachmis told the asylum officer that he feared he would not be able to feed his family if he returned to Indonesia. The asylum officer found Bachmis to be credible but determined that he did not meet the criteria for asylum.

Bachmis conceded removability at his May 2006 removal proceeding but maintained that he was eligible for asylum, withholding of removal, and CAT relief. Unfortunately for Bachmis, his initial asylum application, asylum interview, and testimony were plagued by inconsistencies. The Immigration Judge ("IJ") made an adverse credibility finding and denied all relief.

Bachmis testified that he left Indonesia because he was persecuted for his three-and-a-half year involvement in the Indonesian Democratic Party ("PDI") and because he participated in an anti-government campaign in Jakarta. He moved to Surabaya because the police were pursuing him due to his role in the campaign, and then fled to the United States because he was also pursued in Surabaya. On cross-examination, Bachmis acknowledged he told the asylum officer that one reason he did not want return to Indonesia was because it was difficult to make a living there. He attempted to explain his interview statements that he was not politically active or in a political party by asserting that he did not remember all of the problems he had experienced in Indonesia at that time. When asked how he remembered these details at the hearing, Bachmis testified that he had recently reviewed his documents.

In addition to the adverse credibility finding, the IJ also determined that Bachmis did not meet his burden of proof. The IJ concluded that the background material did not support Bachmis's claim that he was at risk due to his political activities, that he did not corroborate of any part of his story, and that his testimony was vague.

On November 27, 2007, the Board of Immigration Appeals ("BIA") affirmed the IJ's decision. It found that the "inconsistencies cited by the [IJ] are present in the record and provide specific and cogent reasons upon which to base an adverse credibility determination." As an example, the BIA noted that although Bachmis testified that he was a member of the PDI, his I-589 did not state that he was a member of any political

3

organization.[1]  The BIA did not remark on the other bases for the IJ's holding, but concluded that because Bachmis was not credible, he could not meet his burden of proof for asylum, withholding of removal, or protection under the CAT.

## II.

We have jurisdiction to review a final order of removal under 8 U.S.C. § 1252(a)(1).  Under the circumstances of this case, we review both the BIA's and IJ's opinions.  See Xie v. Ashcroft, 359 F.3d 239, 242-43 (3d Cir. 2004).  We will uphold their findings to the extent they are "supported by reasonable, substantial and probative evidence on the record as a whole."  Kayembe v. Ashcroft, 334 F.3d 231, 234 (3d Cir. 2003).  Here, because the BIA based its decision on the adverse credibility finding, our review is confined to that issue.  See Singh-Kaur v. Ashcroft, 385 F.3d 293, 301 n.7 (3d Cir. 2004).  Although the government argues otherwise, after a thorough review of Bachmis's brief, it appears that he does challenge the adverse credibility finding and has not waived review of that issue.  (Pet. Br. at 11.)  Nevertheless, the adverse credibility determination is supported by substantial evidence.  See Xie, 359 F3d. at 243.

Bachmis claimed that he feared persecution due to his activities in support of the

---

[1]Bachmis also made inconsistent statement regarding his religion and ethnicity. Although the BIA and IJ found these inconsistencies important, they do not "go to the heart of his asylum claim," as Bachmis's claim is based on persecution based on his political opinion, not his religion or ethnicity.  See Chukwu v. Att'y Gen., 484 F.3d 185, 189 (3d Cir. 2007) (noting that pre-REAL ID Act of 2005 "heart of asylum claim" standard applies to applications filed prior to May 11, 2005).

4

PDI. However, as the BIA and IJ determined, Bachmis's asylum application, interview, and hearing were marred by significant discrepancies regarding his political activities and his reasons for leaving Indonesia. For example, Bachmis's application asserted that a friend in the government told him that he was on a list to be detained due to his participation in an anti-government demonstration, but he did not state that he was a member of the PDI or any political party. And in his asylum interview, he stated that he was not politically active and did not belong to any political organization. But he testified that he had been a member of the PDI for over three-and-a-half years before he left Indonesia and that he was involved in a political campaign. Such discrepancies and omissions are directly related to Bachmis's claim of persecution, and they provide an adequate basis for the IJ's and BIA's adverse credibility determination.[2] See Berishaj v. Ashcroft, 378 F.3d 314, 323 (3d Cir. 2004); Chukwu, 484 F.3d at 189. Bachmis attempted to explain the inconsistencies by stating either that he did not remember exactly why he left Indonesia at the time of the interview, or that he did not recall what he said at the asylum interview. It is plausible that Bachmis could forget certain details of his claim within the ten years it took for his application to be processed; however, it is unlikely that

_____

[2]We have found that a credibility determination cannot be sustained solely upon an airport interview. See, e.g., Balasubramanrim v. INS, 143 F.3d 157, 164 (3d Cir. 1998). This case, however, does not implicate the same reliability concerns as found in Balasubramanrim, especially as the interview occurred ten years after Bachmis's arrival. See id. at 162-64. Moreover, unlike the BIA in Balasubramanrim, here, the IJ did not base the credibility determination solely on the interview. See id. at 164.

5

he would forget why he had to leave his home country or whether he was active in a political party.

Additionally, Bachmis claims that the ten-year delay in processing his asylum application violated his due process rights. (Pet. Br. at 4-5.) Although it appears that Bachmis did not raise this claim before the BIA, "due process claims are generally exempt from the exhaustion requirement because the BIA does not have jurisdiction to adjudicate constitutional claims." Mudric v. Att'y Gen., 469 F.3d 94, 98 (3d Cir. 2006). Thus, we review this claim de novo. Id. Nevertheless, constitutional injuries cannot arise from delays in processing asylum applications because immigrants have "no due process entitlement to the wholly discretionary benefit[]" of asylum, "much less a constitutional right to have [the benefit] doled out as quickly as . . . desired." Id. at 99 (rejecting due process claim for four-year delay in processing asylum and permanent resident applications).

For the foregoing reasons, we will deny the petition for review.[3]

---

[3]Additionally, Bachmis's failure to demonstrate a well-founded fear of persecution necessary for a grant of asylum due to the adverse credibility determination necessarily precluded success of his request for withholding of removal. See Zubeda v. Ashcroft, 333 F.3d 463, 469-70 (3d Cir. 2003). And although a claim for relief under the CAT is not automatically condemned by a related, unsuccessful asylum claim or adverse credibility ruling, an applicant's "credibility, by itself, may satisfy his burden or doom his claim as to . . . protection under the [CAT]." Muhanna v. Gonzales, 399 F.3d 582, 589 (3d Cir. 2005) (internal citation omitted). Here, because Bachmis's CAT claim was based on the same factual predicate as his asylum and withholding claims, and considering the adverse credibility finding along with the remaining record, we conclude that substantial evidence supports a conclusion that Bachmis is not likely to face torture if removed to

Indonesia.  <u>See</u> <u>Zubeda</u>, 333 F.3d at 471-72.

7